IN THE CIRCUIT COURT OF SAINT FRANCIS COUNTY, ARKANSAS

JEREMIAH M. PRICE and CANDICE PRICE
Individually and as Husband and Wife,

    Plaintiffs,

vs.

TERRY S. TAYLOR, RYDER TRUCK RENTAL, LT.,
RYDER INTEGRATED LOGISTICS, INC., and
RYDER TRUCK RENTAL, INC.

    Defendants.

Docket No. 62CV-17-156-3

JURY DEMANDED

FILED
JUL 10 2017
TIME 10:55A M
BETTE S. GREEN, CLERK
ST. FRANCIS COUNTY

## COMPLAINT

COME NOW the Plaintiffs, Jeremiah M. Price and Candice Price Individually and as Husband and Wife, by and through their attorneys, Nahon, Saharovich & Trotz, PLC, and file this Complaint against the Defendants, Terry S. Taylor, Ryder Truck Rental, LT. and Ryder Truck Rental, Inc., and in support thereof, state the following to wit:

### JURISDICTION, VENUE AND SERVICE OF PROCESS

1. Plaintiff, Jeremiah M. Price, is a resident of Crittenden County, Arkansas residing at 924 Second Street Earle, Arkansas 72331.

2. Plaintiff, Candice Price, is a resident of Crittenden County, Arkansas residing at 924 Second Street Earle, Arkansas 72331.

3. Upon information and belief, Plaintiffs allege that Defendant, Ryder Truck Rental, Lt., is a foreign for profit corporation authorized to conduct and transact business within the State of Arkansas with its principal place of business located at 11690 N.W. 105th Street

1



EXHIBIT A

Miami, Florida and is amenable to service of process by way of its registered agent, Corporate Creations Network Incorporated, 609 SW 8th Street #600 Bentonville, Arkansas 72712.

4. Upon information and belief, Plaintiffs allege that Defendant, Ryder Integrated Logistics, Inc., is a foreign for profit corporation authorized to conduct and transact business within the State of Arkansas with its principal place of business located at 11690 NW 105 Street, LAW 4 Miami, Florida and is amenable to service of process by way of its registered agent, Corporate Creations Network Incorporated, 609 SW 8th Street #600 Bentonville, Arkansas 72712.

5. Upon information and belief, Plaintiffs allege that Defendant, Ryder Truck Rental, Inc., is a foreign corporation authorized to conduct and transact business within the State of Arkansas with its principal place of business located at 11690 N.W. 105th Street, Miami, Florida and is amenable to service of process by way of its registered agent, Corporate Creations Network Incorporated, 609 SW 8th Street #600 Bentonville, Arkansas 72712.

6. Upon information and belief, Plaintiffs allege that Defendant, Terry S. Taylor, is an adult resident citizen of Shelby County, Tennessee, residing at 4343 Crescent Park Drive, Memphis, Tennessee 38141 and at all times pertinent hereto was the employee, agent and/or loaned or borrowed servant of the Defendant, Ryder Integrated Logistics, Inc.

7. Plaintiffs allege that at all times relevant hereto, Terry S. Taylor was acting in the course and scope of his employment at the time of the subject wreck and in furtherance of Ryder Integrated Logistics, Inc's for-profit business interests.

8. This cause of action arises out of events resulting from a commercial motor vehicle wreck occurring in a marked work zone which occurred at or near mile marker 261.491 of Interstate Highway 40 in Saint Francis, Saint Francis County, Arkansas. Jurisdiction, venue

and service of process are thus proper with this Court.

## FACTS

9. Plaintiffs adopt, and re-allege, the allegations contained in Paragraphs One through Eight (1-8) above as if fully set forth herein.

10. Upon information and belief, Plaintiff alleges that at all times material hereto, Defendant, Ryder Truck Rental, Lt., was the registered owner of the subject commercial motor vehicle involved in the subject wreck and at the time of the wreck said commercial motor vehicle was being leased to Ryder Integrated Logistics, Inc. and driven by Defendant, Terry S. Taylor.

11. Alternatively, upon information and belief, Plaintiff alleges that at all times material hereto, Defendant, Ryder Truck Rental, Lt., was the registered owner of the subject commercial motor vehicle involved in the subject wreck and at the time of the wreck said commercial motor vehicle was being leased and/or rented to Ryder Truck Rental, Inc. and driven by Defendant, Terry S. Taylor.

12. At all times pertinent to the allegations set forth in this Complaint, Terry S. Taylor was an employee, agent and/or servant of the defendant, Ryder Integrated Logistics, Inc. and was driving said commercial motor vehicle within the course and scope of his employment with Ryder Integrated Logistics, Inc. and with the permission, consent, or approval of said Defendant.

13. Alternatively, at all times pertinent to the allegations set forth in this Complaint, Terry S. Taylor was an employee, agent and/or servant of the defendant, Ryder Truck Rental Inc. and was driving said commercial motor vehicle within the course and scope of his employment with Ryder Truck Rental Inc. and with the permission, consent, or approval of said Defendant.

14. Plaintiffs rely upon the common law doctrines of Respondeat Superior and

3

Agency whereupon Plaintiffs would allege that every act of negligence as alleged herein against Defendant, Terry S. Taylor, is imputed to Defendants, Ryder Truck Rental Lt., Ryder Integrated Logistics, Inc. and Ryder Truck Rental Inc.

15. Plaintiffs allege that on or about September 29, 2015 at approximately 2:20 p.m., Defendant, Terry S. Taylor, was operating a commercial motor vehicle and trailer, specifically a 2013 Freightliner, bearing Tennessee license plate number E1677HY owned by Defendant, Ryder Truck Rental, Lt., in a westbound direction on Interstate 40 at or near mile marker 261.491 in a marked work zone Saint Francis County, Arkansas.

16. Plaintiffs would further allege that Interstate Highway 40 at or near mile marker 261.491 was level and straight.

17. Plaintiffs would further allege that the aforementioned work zone wherein the subject crash occurred included the following traffic control devices including: (1) a "slow or warning sign"; (2) an electronic directional arrow sign on a pull behind trailer; and (3) the traffic lanes were marked.

18. Plaintiffs would further allege that at the time of the subject crash Arkansas State Highway workers, including the plaintiff, were working in the marked work zone repairing defects in the roadway.

19. Plaintiffs allege that at the time of the subject wreck plaintiff, Jeremiah Price, was working in the subject work zone and a passenger in a Mack Bobtail bearing Arkansas Highway Department license plate number 8081 traveling in a westbound direction on the shoulder of Interstate Highway 40 at or near mile marker 261.491 in Saint Francis, Arkansas.

20. Plaintiffs allege that the professional driver, Terry S. Taylor on or about September 29, 2015 at approximately 2:20 p.m., was operating the commercial motor vehicle,

specifically, the 2013 Freightliner at or near mile marker 261.491 on Interstate Highway 40 behind the vehicle, in which plaintiff, Jeremiah Price was a passenger in.

21. Plaintiffs allege that at all relevant times pertinent to the subject crash, the defendant professional driver, Terry S. Taylor was operating his commercial motor vehicle while fatigued.

22. Plaintiffs allege that at all relevant times pertinent to the subject crash, the defendant professional driver, Terry S. Taylor was operating his commercial motor vehicle while impaired.

23. Plaintiffs allege that just prior to the subject crash and due to defendant Terry S. Taylor's fatigue and sleep impairment, said defendant failed to recognize that he was operating his commercial motor vehicle in a work zone occupied by workers including the plaintiff.

24. Plaintiffs allege that just prior to the subject crash and due to defendant Terry S. Taylor's fatigue and sleep impairment, said defendant failed to recognize the traffic control devices in the subject work zone occupied by workers including the plaintiff.

25. Plaintiffs allege that just prior to the subject crash and due to defendant Terry S. Taylor's fatigue and sleep impairment, said defendant failed to reduce the speed of the commercial motor vehicle in the work zone that was occupied by workers, including the plaintiff.

26. Plaintiffs allege that due to the defendant, Terry S. Taylor's fatigue and driving while impaired, defendant went to sleep and caused the front of his commercial motor vehicle to crash into multiple Arkansas state highway trucks, including the truck that plaintiff, Jeremiah Price was riding in, thereby, proximately causing the plaintiffs to suffer injuries and damages more particularly described below.

5

27. Plaintiffs would allege that after the subject crash, defendant, Terry S. Taylor informed Trooper Matthew D. West, the investigating officer for the Arkansas State Police, that he may have went to sleep and does not remember what happened in the crash.

28. Plaintiffs would allege that defendant, Terry S. Taylor's actions and omissions in operating his commercial motor vehicle on Interstate Highway 40 while fatigued and sleep impaired demonstrates gross negligence, willfulness and a conscious and reckless disregard for the plaintiff who was working in the subject work zone at the time of the subject crash and for the general public on the roadway.

29. Plaintiffs charge and aver that defendant Terry S. Taylor's actions in operating a commercial motor vehicle while fatigued and impaired to such a degree that he fell asleep while operating said CMV in a marked work zone demonstrates an extreme reckless indifference to the plaintiff and other highway workers

30. Plaintiffs charge and aver that the actions of defendant, Terry S. Taylor, in failing to reduce his speed in a work zone occupied by workers including the plaintiff and ignoring the traffic control devices warning him to slow down and reduce his speed demonstrates willfulness and extreme reckless for the safety, health and well-being of the plaintiff, Jeremiah Price.

31. Plaintiffs further allege that the impact between the vehicle in which the Plaintiff was a passenger and Defendant's vehicle resulted in the Plaintiff's injuries and damages as a direct result of Defendant's negligence, herein described.

### RESPONDEAT SUPERIOR AND AGENCY

32. Plaintiffs charge and allege that the 2013 Freightliner operated by Defendant, Terry S. Taylor, was owned by the Defendants, Ryder Rental Truck, Lt. and that Terry S. Taylor was employed by defendant Ryder Integrated Logistics, Inc. and/or Ryder Truck Rental, Inc. In

addition, Terry S. Taylor was the agent, loaned and/or borrowed servant and/or employee of the Defendants, Ryder Truck Rental, LT., Ryder Integrated Logistics, Inc. and/or Ryder Truck Rental, Inc., [hereinafter referred to as "Ryder defendants"] and that because the Defendant, Terry S. Taylor, was on or about the business of the aforementioned Defendants, on September 29, 2015 the Defendants are liable for the negligent and tortious acts and/or omissions of Terry S. Taylor, which caused the personal injuries of the plaintiffs pursuant to the common law tort doctrines of respondeat superior and agency.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

33. Plaintiffs charge and allege that the Defendant, Terry S. Taylor, is guilty of one, some or all of the following acts and/or omissions of common law negligence, to wit which are imputed to the Ryder defendants:

(a) Failing to maintain a proper lookout ahead while operating a commercial motor vehicle;

(b) Failing to maintain proper control of the commercial motor vehicle under the existing circumstances;

(c) Failing to devote full time and attention to the operation of the commercial motor vehicle;

(d) Failing to use the degree of care and caution that was required of a professional driver under the circumstances;

(e) Failing to operate the commercial motor vehicle at a safe speed for the circumstances then and there existing;

(f) Negligently failing to slow down and reduce his speed while traveling in a marked work zone;

(g) Negligently operating a commercial motor vehicle while fatigued;

(h) Negligently operating a commercial motor vehicle while sleep impaired;

(i) Negligently failing to yield to workers and their vehicles in a marked work

zone

(j)     Negligently failing to see what was there to be seen and;

(k)     Negligently operating a commercial motor vehicle in violation of the hours of service rules;

(l)     Other acts of negligence to be shown at a hearing of this cause.

34.     Plaintiffs charge and allege that at the time of the wreck in question, the following statutes of the State of Arkansas were in full force and effect and were violated by the Defendant, Terry S. Taylor, constituting negligence *per se*, and imputed to the Ryder defendants:

**Section 27-50-308: Reckless Driving.**
*(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.*

**Section 27-51-201: Speed Limitations - Generally.**
*(a)(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.*
*(2) In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with the legal requirement and duty of all persons to use due care.*

**Section 27-51-305: Following Too Closely.**
*(a) The driver of a motor vehicle shall not follow a vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.*
*(b)(1) The driver of any motor truck or vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within two hundred feet (200') of another motor vehicle.*

**Section 27-52-102: Obedience to Official Devices Required.**
*No driver of a vehicle or motorman of a streetcar shall disobey the instructions of any official traffic-control device placed in accordance with the provisions of this chapter unless otherwise directed by a police officer.*

**27-51-310. Passing authorized vehicle stopped on highway.**
*(a) As used in this section, "authorized vehicle" means a vehicle that:*

8

>   *(1) Displays a flashing, revolving, or rotating blue, red, amber, amber and red, white, or green light; and*
>   *(2) Is one (1) of the following:*
>       *(A) An emergency response vehicle;*
>       *(B) A law enforcement vehicle;*
>       *(C) An Arkansas State Highway and Transportation Department vehicle;*
>       *(D) An Arkansas State Highway and Transportation Department contractor vehicle;*
>       *(E) A utility company vehicle; or*
>       *(F) A vehicle used in a towing operation as defined under § 27-51-904.*
> *(b) (1) Except as provided under subdivision (b)(2) of this section, the driver of a motor vehicle that is approaching an authorized vehicle that is stopped or parked on a street, road, or highway or on the shoulder of a street, road, or highway shall:*
>   *(A) Move to the farthest possible lane or position from the authorized vehicle;*
>   *(B) Remain in that lane or position until the driver passes the authorized vehicle; and*
>   *(C) Otherwise exercise due caution.*
> *(2) If the driver determines that it is unsafe or not possible to change lanes as required under subdivision (b)(1) of this section, the driver shall:*
>   *(A) Reduce the motor vehicle's speed;*
>   *(B) Exercise due caution; and*
>   *(C) Maintain a reduced speed appropriate to the street, road, or highway and the conditions through the area where the authorized vehicle is stopped or parked.*
> *(c)(1) A person who pleads guilty or nolo contendere to or is found guilty of violating this section shall be guilty of a misdemeanor and shall be fined not less than thirty-five dollars ($35.00) nor more than five hundred dollars ($500), confined in the county jail not to exceed ninety (90) days, or both fined and imprisoned.*
>   *(2) In addition to the penalties prescribed in subdivision (c)(1) of this section, the court may order community service for not more than seven (7) days and may suspend the person's driver's license for a period of not less than ninety (90) days nor more than six (6) months.*
> *(d) There is created a rebuttable presumption that shall arise in any criminal action under this section to the effect that if it can be proven that a person is the registered owner of a vehicle that is driven in a manner that violates this section, the person is presumed to have been the driver of the vehicle at the time of the violation.*

35. Plaintiffs aver that at the time of the wreck in question, the following Code of Federal Regulations of the FMCSA were in full force and effect and were upon information and

9

belief violated by Defendant, Terry S. Taylor, and/or by the Ryder defendants constituting negligence *per se*, and/or imputed to the Ryder defendants:

### §392.3 Ill or fatigued operator.

No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. However, in a case of grave emergency where the hazard to occupants of the commercial motor vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed.

[35 FR 7800, May 21, 1970, as amended at 60 FR 38746, July 28, 1995]

### §395.3 Maximum driving time for property-carrying vehicles.

(a) Except as otherwise provided in §395.1, no motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services, unless the driver complies with the following requirements:

(1) *Start of work shift.* A driver may not drive without first taking 10 consecutive hours off duty;

(2) *14-hour period.* A driver may drive only during a period of 14 consecutive hours after coming on duty following 10 consecutive hours off duty. The driver may not drive after the end of the 14-consecutive-hour period without first taking 10 consecutive hours off duty.

(3) *Driving time and rest breaks.* (i) *Driving time.* A driver may drive a total of 11 hours during the 14-hour period specified in paragraph (a)(2) of this section.

(ii) *Rest breaks.* Except for drivers who qualify for either of the short-haul exceptions in §395.1(e)(1) or (2), driving is not permitted if more than 8 hours have passed since the end of the driver's last off-duty or sleeper-berth period of at least 30 minutes.

(b) No motor carrier shall permit or require a driver of a property-carrying commercial motor vehicle to drive, nor shall any driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services, for any period after—

(1) Having been on duty 60 hours in any period of 7 consecutive days if the employing motor carrier does not operate commercial motor vehicles every day of the week; or

10

(2) Having been on duty 70 hours in any period of 8 consecutive days if the employing motor carrier operates commercial motor vehicles every day of the week.

(c)(1) Any period of 7 consecutive days may end with the beginning of an off-duty period of 34 or more consecutive hours that includes two periods from 1:00 a.m. to 5:00 a.m.

(2) Any period of 8 consecutive days may end with the beginning of an off-duty period of 34 or more consecutive hours that includes two periods from 1:00 a.m. to 5:00 a.m.

(d) A driver may not take an off-duty period allowed by paragraph (c) of this section to restart the calculation of 60 hours in 7 consecutive days or 70 hours in 8 consecutive days until 168 or more consecutive hours have passed since the beginning of the last such off-duty period. When a driver takes more than one off-duty period of 34 or more consecutive hours within a period of 168 consecutive hours, he or she must indicate in the Remarks section of the record of duty status which such off-duty period is being used to restart the calculation of 60 hours in 7 consecutive days or 70 hours in 8 consecutive days.

[76 FR 81188, Dec. 27, 2011, as amended at 78 FR 58485, Sept. 24, 2013; 78 FR 64181, Oct. 28, 2013]

### §390.13 Aiding or abetting violations.

No person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter.

36. Plaintiffs reserve the right to amend their Complaint to allege violations of one or more of the rules and regulations of the Federal Motor Carrier Safety Administration by Defendants as discovery develops.

37. Plaintiffs charge and allege that one, some or all of the aforesaid acts of common law negligence, violations of the statutes of the State of Arkansas and violations of the FMCSA Rules and Regulations by the Defendants were the direct and proximate cause of the crash at issue, and the Plaintiff's injuries and damages, to be hereinafter set out with more particularity.

## INJURIES AND DAMAGES

38. Plaintiff Jeremiah M. Price alleges that, as a direct and proximate result of the herein above described violations of the common law, state statutes and FMCSA rules and

regulations by the defendants, he has sustained the following damages including but not limited to:

    (a)    Severe and permanent personal injuries including but not limited to a right shoulder injury requiring surgery, low back injury requiring multiple surgeries and injuries to his body as whole ;

    (b)    Pain and physical suffering;

    (c)    Hedonic damages, including loss of enjoyment of life;

    (d)    Fright and shock;

    (e)    Medical expenses, both past and future;

    (f)    Lost wages and loss of future earning capacity;

    (g)    Mental anguish;

    (h)    Scarring and disfigurement;

    (i)    Out of pocket expenses.

39.    Plaintiff, Candice Price, as the lawful wife of Jeremiah M. Price, alleges that as a direct and proximate result of the negligent and reckless acts of Defendants and the resulting crash, she sustained the loss of her husband's love, affection, and society and, therefore, sues Defendants for loss of consortium.

## PUNITIVE DAMAGES

40.    Plaintiff charges and alleges that the Defendants, Terry S. Taylor, Ryder Truck Rental Lt. and Ryder Truck Rental Inc., acted with a reckless and/or wanton disregard for the life and safety of Jeremiah Price, and the Plaintiff, Candice Price, and that the Plaintiffs are entitled to recover punitive damages in this cause of action.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Jeremiah M. Price and Candice Price, respectfully sue Defendants, Terry S. Taylor, Ryder Truck Rental, Lt. and Ryder Truck Rental, Inc., and seeks a judgment in the amount of **FOUR MILLION DOLLARS** ($4,000,000.00) for compensatory damages and seeks a judgment in the amount of **FIVE MILLION DOLLARS** ($5,000,000.00) for punitive damages.

Plaintiffs also pray for a trial by jury, the right to recover their costs, the right to amend their complaint to conform to the evidence as it develops and for all general, further and equitable relief that they may be so entitled.

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

_____
Mark N. Geller (BR #2014020)
Attorney for the Plaintiffs
488 South Mendenhall
Memphis, Tennessee 38117
Phone: (901) 462-3353
Fax:   (901) 746-1553